### In re COMMISSIONERS OF ELECTION OF ERIE COUNTY.

(Supreme Court, Special Term, Erie County.   September 17, 1915.)

ELECTIONS ☞145—NOMINATING PETITIONS—OBJECTION—STATUTES.

    Under Election Law, § 55a, added to Consol. Laws, c. 17, by Laws 1913, c. 820, and amended by Laws 1914, c. 244, providing that a written objection to any petition for the designation of a candidate for party nomination or election may be filed with the board or officer with whom the original petition is filed, within three days, whereupon the objector may have a hearing before the Supreme Court, and section 56, providing that the court, on a showing of irregularities, shall do whatever justice may require, the petitions of candidates for membership of Republican county committees, properly circulated by one acting as a public officer, who, after the three days allowed for filing objections, filed an affidavit exciting the suspicion of the commissioners, would be ordered to be filed by the commissioners, so as to place the two candidates on the ballot.

    [Ed. Note.—For other cases, see Elections, Cent. Dig. § 127; Dec. Dig. ☞145.]

In the matter of the application of the Commissioners of Election of Erie Couny for instructions in the matter of protests made against the filing of the petitions of Earl G. Leonard, candidate for member of the Republican County Committee, in the Second District, Twenty-Sixth Ward, of the City of Buffalo, N. Y., and of Benjamin F. Clark, candidate for member of the Republican County Committee, Third District, Twenty-Sixth Ward, of said city, which protests were made by John Martin and another, opposing candidates in such districts. Commissioners ordered to file the two petitions placing the petitioners on the ballot.

    Carleton H. White, Co. Atty., of Buffalo, for election commissioners.
    William H. Godbold, of Buffalo, for protestants.
    John T. Ryan, of Buffalo, for petitioners.

BISSELL, J.   The court is ready to determine the matter just submitted. The questions have been given careful consideration. The facts have not been changed much, by the hearing we have had to-day, from the understanding that was reached yesterday.

Now, here are two candidates, Earl G. Leonard and Benjamin F. Clark, who have entered a contest for nomination in the primaries for these district committeemanships. It appears here that neither one of them was engaged in any fraudulent conspiracy of any kind—that they were innocent parties. It appears that for the purpose of obtaining signers to petitions, as is customary and as is necessary under the sys-

tem that prevails, the candidates obtained the assistance of somebody to act as a public officer, as a commissioner of deeds, to take about petitions and get them duly signed by a sufficient number of persons to place the candidates' names on the nominating ballot. Then it appears that irregularities occurred, and whether or not these irregularities were known to anybody connected with any organization it is evident from the reading of section 55a, which provides that a written objection to any petition for the designation of a candidate for party nomination or for election to a party position may be filed with the board or officer with whom the original petition is filed within three days after the filing of such petition, and then if such objection be filed the aggrieved party may have a hearing before the Supreme Court, that there having been no objections filed and the petitions appearing on their face to be regular, whatever fault there may have been in it is the fault of the public officer, whose duty it was to take the acknowledgments regularly and properly. It seems that this commissioner of deeds two days after the period of three days had expired, for some reason or other, filed an affidavit, which for the first time excited in the minds of the commissioners some suspicion, and for that reason they, acting in good faith, have come to the court for advice.

It is the evident intention of the statute to require prompt attention to irregularities, and if there is any cause of complaint it must be urged within three days after the petitions are filed. The law requires all parties to be on the alert, so that questions may be promptly determined. The purpose of this law is to give every man a fair chance, and section 56 goes still further and provides that the court shall, where there have been irregularities on the part of the public officer, go further, and under all the facts and circumstances of any particular case do whatever justice may require.

Now, I do not believe that it is feasible or necessary under all the circumstances of this case, as it appears, for the court to take the further action of ordering, within a reasonable time, the circulation of new petitions; but I shall order the commissioners to file these two petitions, which will place these two candidates on the ballot, and they will have simply the opportunity then to be chosen that the other two men have, and no one can be aggrieved thereby.

Such is the decision of the court.